UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET NALLEY,<br><br>  Plaintiff,<br><br>  v.<br><br>ELIZABETH D. LAPORTE, et al.,<br><br>  Defendants. | Case No. 21-cv-06180-TSH<br><br>**ORDER SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(E)** |

## I.  INTRODUCTION

Plaintiff Margaret Nalley brings this case against a retired magistrate judge, three court of appeals judges, and attorneys that worked on both sides of a case she brought in this Court, *Nalley v. Valeant Pharmaceuticals North America*, 16-cv-03835 EDL. Nalley filed the present case in the Eastern District of California on September 15, 2020, and her application to proceed in forma pauperis was granted by that court on October 21, 2020. ECF Nos. 2, 3. However, the case was subsequently transferred here on August 10, 2021 after it was determined that venue in the Eastern District was improper. ECF No. 4. Having reviewed Nalley's complaint, the Court finds it fails to state a claim on which relief may be granted under 28 U.S.C. § 1915(e). Accordingly, Nalley must file a first amended complaint that addresses the deficiencies identified in this screening order by September 10, 2021 or the Court will recommend dismissal of this case without prejudice.

## II. BACKGROUND

In the *Valeant Pharmaceuticals* case, Nalley sued her former employer, alleging Valeant misled her into revealing her bipolar disorder, and then Valeant's employees began harassing and discriminating against her on that basis. Retired Magistrate Judge Elizabeth D. Laporte, who presided over the case, granted summary judgment in Defendants' favor as to all claims. Nalley subsequently appealed, and the Ninth Circuit affirmed Judge Laporte's decision. Nalley now brings this case against Judge Laporte, the three-judge panel that affirmed Judge Laporte's decision (J. Clifford Wallace, Barry G. Silverman, and M. Margaret McKeown), the attorneys that represented her (Michael Hoffman, Stephen Noel Ilg, and Frank Zeccola), and the attorneys that represented Valeant (Jessica Linehan and Jill Gutierrez). She alleges the defendants' work on her case violated her First, Fifth, and Fourteenth Amendment Rights under the United States Constitution.

## III. SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(E)(2)

### A. Legal Standard

A complaint filed by any person proceeding in forma pauperis under 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the court to the extent that it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the court reviewing an in forma pauperis complaint make and rule on its own motion to dismiss before directing the United States Marshal to serve the complaint pursuant to Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1127. The Ninth Circuit has noted that "[t]he language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). As the Supreme Court has explained, "[the in forma pauperis statute] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).

United States District Court
Northern District of California

"Frivolousness" within the meaning of the in forma pauperis standard of 28 U.S.C. § 1915(d) and failure to state a claim under Rule 12(b)(6) are distinct concepts.

1. **Frivolousness**

"'A complaint . . . is frivolous where it lacks an arguable basis either in law or in fact.'" *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke*, 490 U.S. at 325). The definition of frivolousness "embraces not only the arguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. When determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), the court has " 'the unusual power to pierce the veil of the complaint's factual allegations,'" meaning it "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32 (quoting *Neitzke*, 490 U.S. at 327). Frivolous claims include "'claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" *Id.* (quoting *Neitzke*, 490 U.S. at 328). "An in forma pauperis complaint may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely." *Id.* at 33. But "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* As the Ninth Circuit has explained, frivolous litigation "is not limited to cases in which a legal claim is entirely without merit . . . . [A] person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060–61 (9th Cir. 2007).

2. **Failure to State a Claim**

Under Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The

3

complaint need not contain "detailed factual allegations," but the plaintiff must "provide the grounds of his entitle[ment] to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555.

In determining whether to dismiss a complaint under Rule 12(b)(6), the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Factual allegations in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff] can prove facts that [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

**B.     Application**

      1.     **Judicial Immunity**

As a preliminary matter, Nalley's claims against Judges Laporte, Wallace, Silverman, and McKeown are barred by judicial immunity. The Supreme Court has long held that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978) (internal quotation omitted). "[T]he scope of the judge's jurisdiction must be construed broadly when the issue is the immunity of the judge. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id.* at 356-57 (internal quotation omitted). Thus, even allegations of a conspiracy between a judge and a party "does not pierce the immunity extended to judges . . . . As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies." *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986).

4

Here, Nalley's claims challenge the judges' orders and rulings in cases that were proceeding before them. Thus, judicial immunity applies. While she may complain the judges were incorrect in ruling against her, this is irrelevant: "Ruling against a party, even repeatedly, does not mean that a judge is acting in his or her personal capacity. Judicial immunity 'applies even when the judge is accused of acting maliciously and corruptly.'" *Drevaleva v. Beeler*, 2020 WL 553885, at *2 (N.D. Cal. Feb. 3, 2020) (quoting *Nielsen v. Lunas*, 2016 U.S. Dist. LEXIS 13371, at *12 (N.D. Cal. Sept. 28, 2016)).

Accordingly, Nalley's claims against Judges Laporte, Wallace, Silverman, and McKeown are subject to dismissal with prejudice. If Nalley chooses to file an amended complaint consistent with this order, she may not bring any claims against the judges involved in her previous case.

### 2. **Federal Subject Matter Jurisdiction**

As courts of limited jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331. A cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state." *Id.*

Here, the allegations in the complaint indicate that all parties are citizens of the same state (California) and are non-diverse. As such, diversity jurisdiction does not exist.

As to federal question jurisdiction, Nalley's claims against the attorneys from her previous case are based on alleged violations of the United States Constitution. But there is a threshold problem with her constitutional claims; namely, she asserts these claims against private actors—

5

i.e., persons who are not government or state actors. "Individuals bringing actions against private parties for infringement of their constitutional rights . . . must show that the private parties' infringement somehow constitutes state action." *George v. Pac.-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996) (per curiam) (citations omitted); *see also* 42 U.S.C. § 1983. The presumption is that a private actor's conduct is not state action. *Florer v. Congregation Pidyon Shevuym, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 1000 (2012). As such, without allegations demonstrating how and why she may properly assert her constitutional claims against these defendants, Nalley has not shown the Court has subject matter jurisdiction on the basis of a federal question.

Accordingly, if Nalley chooses to file an amended complaint, it must (1) state the grounds for the Court's subject matter jurisdiction over this case and supporting facts; and (2) provide a concise statement identifying each Defendant and the specific action or actions the Defendant took, or failed to take, that allegedly caused her injuries.

## IV.   CONCLUSION

For the reasons above, the Court finds that the complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e). Nalley must file a first amended complaint addressing the deficiencies in this order by September 10, 2021. Any amended complaint must include the caption and civil case number used in this order (21-cv-06180) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaint, any amended complaint may not incorporate claims or allegations in the original complaint by reference, but instead must include all of the facts and claims Nalley wishes to present and all of the defendants she wishes to sue. If Nalley does not file a timely first amended complaint, the Court will recommend this action be dismissed.

Nalley may wish to seek assistance from the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco. You may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982. At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at http://cand.uscourts.gov/helpcentersf.

6

Nalley may also wish to obtain a copy of the district court's *Handbook for Litigants Without a Lawyer*. It provides instructions on how to proceed at every stage of your case, including discovery, motions, and trial. The handbook is available in person at the Clerk's Office and online at: http://cand.uscourts.gov/prosehandbook.

**IT IS SO ORDERED.**

Dated: August 12, 2021

THOMAS S. HIXSON
United States Magistrate Judge